UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RIAZ SUKHYANI,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-25-1243-J |
| | ) |
| **PAMELA J. BONDI, et al.,** | ) |
| | ) |
| Respondents. | ) |

## REPORT AND RECOMMENDATION

Petitioner Riaz Sukhyani, a non-citizen detainee in the custody of the U.S. Immigration & Customs Enforcement, filed a Verified Petition for Writ of Habeas Corpus. Doc. 1. United States District Judge Bernard M. Jones referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). This Report and Recommendation addresses Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("Motion"). Doc. 5.

To the extent Petitioner's Motion seeks a temporary restraining order under Federal Rule of Civil Procedure 65(b)(1), the Motion should be denied. A court may only grant a temporary restraining order if the moving party has complied with certain requirements, including certifying reasons why notice to the adverse party should not be required. Fed. R. Civ. P. 65(b)(1)(B). Petitioner has provided reasons why notice should not be required, Doc. 5-1, but the undersigned finds they are not adequate to justify the extraordinary remedy of granting a temporary restraining order. *See, e.g., Honeycutt v. Mitchell*, No. CIV-08-140-W, 2008 WL 4694226, at *1 (W.D. Okla. Oct. 23, 2008) (recognizing that a

temporary restraining order is "an extraordinary remedy, appropriate only when the procedural safeguards of Fed. R. Civ. P. 65(b) are scrupulously honored" and adopting recommendation that temporary restraining order be denied when movant failed to justify a lack of notice).

Petitioner states that it is his understanding that "there is no ability for anyone from the U.S. Attorney's Office to confer with [Petitioner's counsel] about any motions while the government is shut down." Doc. 5-1 at 2. Petitioner's understanding is mistaken—this matter has not been stayed under General Order 25-8. *See* Docs. 3, 11. Additionally, with this Report and Recommendation, the Court is simultaneously ordering Respondents to respond to the Petition and to Petitioner's Motion to the extent it seeks a preliminary injunction. Doc. 11 at 2. Because the order for response provides notice to Respondents, the request for a temporary restraining order is moot. *See, e.g., Robinson v. Carney*, No. CIV-07-236-C, 2007 WL 2156391, at *1 (W.D. Okla. July 26, 2007) (adopting recommendation to address only plaintiff's motion for preliminary injunction, rather than his request for a temporary restraining order, because "once the Defendants obtained notice and an opportunity to respond, the request for a temporary restraining order became moot" (citation modified)).

**Recommendation and Notice of Right to Object**

For the foregoing reasons, the undersigned recommends that the Court **DENY** Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction, Doc. 5, to the extent it seeks a temporary restraining order under Federal Rule of Civil Procedure 65(b)(1). Petitioner is advised of his right to object to this Report and

Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court not later than October 24, 2025. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 21st day of October, 2025.

*/s/ Chris M. Stephens*
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE