## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RIAZ SUKHYANI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-1243-J |
| | ) | |
| PAMELA J. BONDI, et. al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner, a noncitizen and Pakistani national, filed a Verified Petition for Writ of Habeas Corpus challenging his detention with the United States Immigration and Customs Enforcement (ICE). The matter was referred for initial proceedings to United States Magistrate Judge Chris M. Stephens consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Stephens has issued a Report and Recommendation recommending that the Court grant Petitioner's Petition to the extent it requests habeas relief under 28 U.S.C. § 2241 and order him released from ICE detention. (Rep. & Rec.) [Doc. No. 20]. Respondents filed an Objection. [Doc. No. 21].[1] For the reasons discussed below, the Report and Recommendation is ADOPTED and Respondents are ordered to RELEASE Petitioner.

## I.    Background

Petitioner was paroled into the United States in March 1993 but was taken into ICE custody in 2006 after a criminal conviction. However, because Petitioner could not be removed to Pakistan and other countries refused his entry (or ignored his request for the same), Petitioner was released from detention in 2008 on an Order of Supervision (OOS). Petitioner remained free on the OOS

---

[1] Petitioner responded to Respondents' objection [Doc. No. 22] and filed a notice indicating he did not object to the Report and Recommendation. [Doc. No. 23].

until June 2025 when ICE re-detained him.  Petitioner, through counsel, filed the instant habeas petition in October 2025, arguing his detention is unlawful under 8 U.S.C. § 1231(a) and *Zadvydas v. Davis*, 533 U.S. 678 (2001).  In *Zadvydas*, the Supreme Court held that a noncitizen ordered removed and detained under § 1231(a)(6) cannot be indefinitely detained without violating the Fifth Amendment of the United States Constitution.  *See* 533 U.S. at 701.  *Zadvydas* held that a six-month period of post-removal detention is presumptively reasonable, but "[a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

On review, Judge Stephens agreed with Petitioner.  Specifically, he found that Petitioner had met his initial burden of showing that his detention had surpassed six months[2] *and* there was no significant likelihood of removal in the reasonably foreseeable future.  *See* Rep. & Rec. at 9-13.  He then concluded that Respondents had failed to meet their burden because they did not respond with any evidence to rebut Petitioner's showings.  *See id.* at 13-18.  On this ground, Judge Stephens recommends that Petitioner be ordered released.  *See id.* at 18-19.

## II.    Standard of Review

Respondents' objection is three paragraphs long and two of those are dedicated to an introduction of the claims and a summary of Judge Stephens' findings.  *See* [Doc. No. 21 at 1-2]. In the only substantive paragraph, Respondents state:

> Respondents respectfully object to the R&R entered on November 18, 2025, as to its finding that Petitioner is being unlawfully detained.  Specifically, Respondents assert that Petitioner has not met his burden to establish a claim for relief under *Zadvydas*.  Respondents further re-assert, adopt by reference, and do not waive the

---

[2] Because Petitioner was detained after he was initially ordered removed, Respondents agree that he has been "in post order detention in excess of six months" [Doc. No. 18 at 20] despite the fact that his current detention has only lasted approximately five months.

arguments presented in their Response in Opposition to Petitioner's Petition for Writ of Habeas Corpus for purposes of appellate review.

*Id.* at 2.  The Court finds that this objection is insufficient to trigger de novo review.

A proper objection to a report and recommendation triggers the Court's de novo review. *See* Fed. R. Civ. P. 72(b)(3).  An objection is "proper" if it is both timely and specific so that it "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  "[A] general objection is sufficient."  *Id.* at 1060.

Although it was timely, Respondents' objection is too general to trigger de novo review. That is, over nine pages, Judge Stephens documented numerous facts, analyzed many cases, and discussed why he believed Petitioner had carried his burden under *Zadvydas* and why Respondents had not.  *See* Rep. & Rec. at 9-18.  Respondents' one-sentence statement that Petitioner failed to carry his burden under *Zadvydas* is wholly insufficient to alert this Court as to what errors they believe Judge Stephens made in reaching his conclusion.  *See Hall v. Miller*, No. CIV-25-00518-JD, 2025 WL 2630738, at *1 (W.D. Okla. Sept. 12, 2025) ("Because Petitioner does not make a specific objection to any of the R. & R.'s findings or legal recommendations, Petitioner has not preserved any issue for de novo review by this Court or for appellate review."); *Jones v. Dish Network Corp.*, No. 22-CV-00167-CMA-STV, 2023 WL 2796943, at *17 (D. Colo. Jan. 31, 2023) ("A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for de novo review."), *adopted*, 2023 WL 2644081 (D. Colo. Mar. 27, 2023); *Pierce v. Kobach*, No. 23-4028-JWB, 2023 WL 3948597, at *1 (D. Kan. June 12, 2023) (finding petitioner's objection, wherein he simply expressed disagreement with the recommendation, left "him with no entitlement to appellate review"), *aff'd*, No. 23-3121, 2023 WL 5216937 (10th Cir. Aug. 15, 2023).  Additionally, Respondents' attempt to relitigate its

arguments raised in response to the Petition – particularly through incorporation by reference – fails to trigger de novo review. *See Cisneros v. Gomez*, No. CIV-21-825-PRW, 2023 WL 2543435, at *1 (W.D. Okla. Mar. 16, 2023) ("An objection that merely reargues the underlying motion is little different than an objection that simply refers the District Court back to the original motion papers; both are insufficiently specific to preserve the issue for de novo review." (cleaned up)); *O'Neil v. Hill*, No. 1:21-CV-4173-AT, 2024 WL 4665553, at *2 (N.D. Ga. Sept. 17, 2024) ("[A] party does not state a valid objection to an R&R by merely incorporating by reference previous filings."), *aff'd*, No. 24-13408, 2025 WL 1892449 (11th Cir. July 9, 2025); *Dickerson v. Conway*, No. 08 CIV. 8024 PAE FM, 2013 WL 3199094, at *1–2 (S.D.N.Y. June 25, 2013) (holding that plaintiff's objection to the report and recommendation, wherein he attempted to incorporate his underlying pleadings by reference, was "simply a recapitulation" of the prior arguments and insufficient to trigger de novo review).

## III.    Analysis

Having determined that Respondents' objection did not trigger de novo review, the Court reviews Judge Stephens' Report and Recommendation only to "confirm that there is no clear error on the face of the record." *Barnett v. Oklahoma State Reformatory*, No. CIV-25-248-J, 2025 WL 2205827, at *1 (W.D. Okla. Aug. 4, 2025).

With that review, the Court ADOPTS the Report and Recommendation [Doc. No. 20]. It is thorough and well-reasoned, and the Court agrees with Judge Stephens' conclusion that Petitioner met his burden under *Zadvydas* and Respondents did not. Accordingly, Petitioner's Verified Petition for Writ of Habeas Corpus [Doc. No. 1] is GRANTED to the extent it requests habeas relief under 28 U.S.C. § 2241 and Respondents are ordered to immediately RELEASE Petitioner, subject to the terms of an appropriate OOS.

IT IS SO ORDERED this 25th day of November, 2025.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE